[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 4, 1993 Date of Application June 17, 1993 Date Application Filed June 22, 1993 Date of Decision October 26, 1993
Application for review of sentence imposed by the Superior Court Judicial District of Hartford/New Britain at Hartford.
Docket No. CR 92-81417;
Christopher Cosgrove, Esq. Defense Counsel, for Petitioner.
Christopher Morano, Esq. Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner in this matter entered pleas of guilty to Burglary, 1st degree (53a-101(a)(1) and Attempted Robbery, 1st degree (53a-49 and 53a-134 (a)(3). He received concurrent sentences of 9 1/2 years on each count for a total effective sentence of 9 1/2 years.
On November 27, 1992, the petitioner entered a private residence brandishing a knife and demanding money from one of the occupants, who was watching television. The victim told the petitioner they would have to go downstairs for the money. When they got downstairs to the den the victim's son awoke and the two occupants were able to overcome the petitioner after hitting him with a chair and avoiding the petitioner's lunging at them with his knife. The petitioner apparently had been drinking and has a continuing alcohol abuse problem.
His attorney asks the Division to consider that at a pre-trial conference the sentencing court had offered to consider imposing a sentence of eight years, which offer was rejected by the petitioner. He argues that it was the Court's policy to withdraw any such rejected offer and to increase the offer if a defendant later changed his plea. In this case jury selection had commenced when the petitioner elected to withdraw his not guilty plea and plead guilty to a court indicated probable sentence of 9 1/2 years. The petitioner asks that the Division reduce his sentence to at least the 8 year term being proposed for an early plea of guilty. CT Page 9285
The scope of sentence review is set forth in Section 942 of the Practice Book and we undertake to review the sentence in this case pursuant to those Practice Book standards.
In this case the petitioner committed two Class B felonies. He unlawfully entered a dwelling while armed and attempted to rob its occupants. These are serious offenses which carry maximum penalties of forty years. The victims were left with fear and apprehension, unsafe even in the sanctity of their own home. The petitioner has prior convictions for breach of peace, aggravated assault, assault on a police officer (which involved the petitioner firing a gun at a police officer). It appears that the petitioner's alcoholism, which past efforts at treating have not been successful, make him a danger and a threat to others in the community.
Given the nature of the present offenses, the character of the petitioner (which has some creditable aspects as well as the negative ones referred to), the need for public protection and the deterrent, denunciatory and rehabilitative purposes of a sentence, the sentence which was imposed was well within the discretionary parameters of the Court. We do not conclude that it is excessive of disproportionate and we affirm it.
Purtill, Klaczak and Stanley, J.s participated in this decision.